UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:13-00072 |
| | ) | JUDGE CAMPBELL |
| DANIEL RAY SCARBOROUGH | ) | |

ORDER

Pending before the Court is the United States' Motion To Quash Defendant's Subpoena *Duces Tecum* To The Forest Service (Docket No. 30). Through the Motion, the Government seeks to quash the Defendant's subpoena to the Land Status Records Custodian of the United States Forest Service seeking:

> . . . all documentation regarding the Stone Cemetery, in the near vicinity of Gatlin Point Road in the Land Between the Lakes, including all documents related to ownership, stewardship, maintenance of the cemetery and access roads, communications with Charles Scarborough or Danny Scarborough related to the cemetery, and any other documents or records related to this cemetery.

(Docket No. 30-1). The Government argues that compliance with the subpoena would be oppressive, and that the records requested are irrelevant.

A party may use a Rule 17(c) subpoena to obtain documents by establishing that: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party requesting the documents cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) the application is made in good faith and is not intended as a general "fishing expedition." United States v. Nixon, 418 U.S. 683, 699-700, 702, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); United States v.

Vassar, 346 F. App'x 17, 24, 2009 WL 2959290 (6th Cir. Sept. 16, 2009).

The Defendant is charged with making threats to assault and murder an officer of the United States Forest Service, on three different occasions, "with intent to impede, intimidate, and interfere with such Federal law enforcement officer while she was engaged in the performance of her official duties, and with intent to retaliate against such Federal law enforcement officer on account of the performance of her official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B)." (Docket No. 3).

In his Response (Docket No. 40), the Defendant argues that the records requested relate to the specific purpose of the Defendant's alleged threats; how the alleged threats could be construed by the recipient; and whether the Defendant reasonably would foresee how the alleged threats would be interpreted by the recipient. The Defendant indicates that the documents requested are available to the Government, and that obtaining the documents through a Freedom of Information Act request will likely delay the progress of this case.

The Court concludes that the subpoena is appropriate. At this stage of the proceeding, the documents appear to be relevant and admissible, are not otherwise efficiently procurable, and are necessary for the Defendant to prepare for trial. Accordingly, the Motion To Quash (Docket No. 30) is DENIED.

The Court reserves ruling on the admissibility of any particular document until it is offered for a particular purpose during the course of the trial.

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE