**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 3:13 CR 00072 |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| DANIEL RAY SCARBOROUGH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

MARVIN E. ASPEN, District Judge:

On April 2, 2015, Defendant filed a Motion to Draw Jurors from Entire District. (Dkt. No. 96.) Defendant asks that we draw jurors for his trial from the entire District of Middle Tennessee, which includes three divisions, rather than from the Nashville Division alone. He contends that drawing jurors from additional areas outside the Nashville Division will best ensure that his trial is heard by an impartial jury including a greater balance of rural and urban/suburban residents.

We deny this motion for two reasons. First, Defendant has not convinced us that the residents of the counties falling within the boundaries of the Nashville Division would not constitute an impartial jury. Defendant suggests—without evidentiary support—that the Nashville Division is primarily comprised of suburban and urban populations but that his jury should include residents of more rural populations. (Dkt. No. 96 at 2.) The Nashville Division consists of twelve counties, including Stewart County where Defendant resides. Most (if not all) of these counties appear to include rural areas outside the cities and suburbs within each county. We have no reason to suspect that the jury pool summoned from the Nashville Division systemically excludes certain groups or otherwise fails to draw jurors representative of

1

Defendant's community, particularly when Defendant's own community falls within its boundaries. *See, e.g.*, *Duren v. Missouri*, 439 U.S. 357, 363–64, 99 S. Ct. 664, 668 (1979) (quoting *Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S. Ct. 692, 701–02 (1975) (stressing that "[d]efendants are not entitled to a jury of any particular composition")).  In short, Defendant has failed to convince us that the Nashville Division does not include populations that would comprise the representative, impartial jury that Defendant seeks.

Second, the local procedural rules neither envision this possibility, nor allow us to grant Defendant's request.  The Local Rules for the Middle District provide that "[a]ll criminal cases . . . shall be tried in the Nashville Division unless the Trial Judge transfers the case to another division."[1]  L.Cr. R. 18.01; *see* L.R. 77.01(b).  The jury plan for the Middle District further states that "[p]etit jury panels shall be selected for each of the three divisions of the District and shall be drawn from the qualified jury wheels for the respective divisions."  Jury Plan for M.D. Tenn., Section IX.  Consistent with these procedures, petit jurors are summoned from the Nashville Division, every six months, to hear criminal cases.  Petit jurors are not summoned, and have not been summoned, from other Divisions to report for duty in Nashville. In other words, the jurors who have already been selected and qualified for service in the Columbia or Northeastern Divisions were called to serve in those Divisions specifically. Defendant's request, two weeks prior to trial, comes too late for the Clerk's office to re-summon such jurors to report to the Nashville Division.  Thus, even if we were inclined to deviate from the Local Rules or jury plan in this manner (and we are not so inclined), the Clerk's office cannot accommodate Defendant's request as a practical matter.

---

[1] No motion to transfer has been filed by either party, nor would transfer be appropriate.  Due to practical and security considerations, criminal trials are very rarely, if ever, transferred to either the Columbia or Northeastern Divisions.

2

We conclude that the venire selected from the Nashville Division, per the local rules and procedure, will provide a fair cross-section of Defendant's community for service in this trial. For the above reasons, we deny Defendant's motion.  It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: April 6, 2015
       Chicago, Illinois

Case 3:13-cr-00072   Document 100   Filed 04/06/15   Page 3 of 3 PageID #: 233