UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 3:13 CR 00072 |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| DANIEL RAY SCARBOROUGH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

The three-count indictment against Defendant Daniel Ray Scarborough charges that he threatened to assault and murder a Federal law enforcement officer, Karen Pickens, on three separate occasions in March 2013, in violation of 18 U.S.C. § 115(a)(1)(B). A jury trial is scheduled to begin on April 21, 2015. Presently before us are three motions in limine filed by the parties in preparation for trial.

As set forth below, we grant Defendant's motion to exclude evidence of prior criminal convictions and deny his motion to prevent witnesses from using the words "threat" and "threatening." We also partially allow the Government's motion to preclude evidence of the parties' longstanding land dispute and order the parties to confer and submit an appropriate stipulation.

**STANDARD OF REVIEW**

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984)). "The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure

1

and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures—including motions *in limine*—in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see United States v. Huff*, 10 CR 73, 2011 WL 4916195, at *1 (E.D. Tenn. Oct. 27, 2011). Because a ruling on a motion in limine is "subject to change as the case unfolds," this ruling constitutes a preliminary determination in preparation for trial. *See Luce*, 469 U.S. at 41, 105 S. Ct. at 163; *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A district court's rulings on in limine motions will be reversed only where the court abuses its discretion, that is, "when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard." *United States v. Gunter*, 551 F.3d 472, 483 (6th Cir. 2009); *United States v. Cline*, 362 F.3d 343, 348–49 (6th Cir. 2004).

## ANALYSIS

**A.     Defendant's Motion to Exclude Evidence of Prior Convictions**

In his first motion, Defendant asks that we exclude any evidence of his prior convictions under Federal Rules of Evidence 404(b) and 609(b). (Dkt. No. 79.) Rule 404(b) prohibits the use of "evidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). While impermissible to show character or propensity, evidence of prior crimes or other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Here, Defendant seeks to exclude evidence of a 1987 conviction for grand larceny and a 1988 conviction for fraud breach of trust. (Dkt. No. 79 at 1.) Defendant contends that these convictions, which are more than ten years old, are irrelevant and unduly prejudicial. (*Id.* at 1–2.)

The Government did not respond to this motion. Nor has the Government notified Defendant of its intent to use this evidence at trial, as required by Rule 404(b)(2), although the Government has provided notice about other evidence it seeks to introduce. (*See* Dkt. No. 97.) Based on Defendant's reasoning and the Government's apparent acquiescence, we grant this motion. The Government shall not introduce any evidence of these two prior convictions.

### B. Defendant's Motion to Prohibit Characterization of His Statements as "Threats" or "Threatening"

Defendant also asks that we preclude Government witnesses from characterizing his allegedly unlawful communications as "threats" or "threatening." (Dkt. No. 80.) Defendant contends such testimony would be inappropriate and unduly prejudicial, because the jury alone must ultimately determine whether his statements were "threats" within the meaning of 18 U.S.C. § 115(a)(1)(B). (*Id.* at 2) Defendant also argues that the words "threat" and "threatening" are legal terms with distinct meanings and, as such, witnesses should not use them to testify as to a legal conclusion. (*Id.*) The Government responds that use of the word "threat" is not inherently prejudicial and, moreover, that the jury instructions and arguments from counsel will eliminate any potential confusion. (Dkt. No. 86.)

Section 115(a)(1)(B) prohibits anyone from "threaten[ing] to assault, kidnap, or murder, a . . . Federal law enforcement officer . . . with intent to impede, intimidate, or interfere with such official, . . . or with intent to retaliate against such official." 18 U.S.C. § 115(a)(1)(B); *United States v. Cope*, 293 F. App'x 384, 387 (6th Cir. 2008); *United States v. Andrews*, 48 F.

App'x 151, 155 (6th Cir. 2002); *see also United States v. Ream*, 506 F. App'x 842, 845 (10th Cir. 2013); *United States v. Stefanik*, 674 F.3d 71, 74–75 (1st Cir. 2012). "Under the First Amendment, threatening expression can be criminally punished if the communication at issue is a 'true threat,' that is, if the 'speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals.'" *Ream*, 506 F. App'x at 845 (quoting *Virginia v. Black*, 538 U.S. 343, 359, 123 S. Ct. 1536, 1548 (2003)); *see Cope*, 283 F. App'x at 387–88; *United States v. Jeffries*, 692 F.3d 473, 477–78 (6th Cir. 2012) (discussing the "true threat" analysis in the somewhat related context of a § 875(a) prosecution, concerning threats transmitted interstate). Under 18 U.S.C. § 115(a)(1)(B), the Government can prevail by proving that: "(1) the defendant conveyed a threat of physical harm to a federal official or [her] family; (2) the threat was intended as an act of retaliation [or to impede, intimidate, or interfere with the official]; and (3) this threat could reasonably be construed by the person in receipt of the threat to be actually carried out." *Andrews*, 48 F. App'x at 155; *see Cope*, 283 F. App'x at 387–88; *United States v. Veach*, 455 F.3d 628, 633 (6th Cir. 2006). The Government need not show that the defendant "intended to carry out the threat" so long as it shows that "a reasonable person would have taken [the defendant's] statements seriously." *Andrews*, 48 F. App'x at 155 (quoting *U.S. v. Vincent*, 681 F.2d 462, 464 (6th Cir. 1982)); *Stefanik*, 674 F.3d at 75; *see United States v. D'Amario*, 330 F. App'x 409, 413–14 (3d Cir. 2009).[1]

---

[1] Though not directly relevant to the present issue, we note that Defendant questions whether the third element of the charged crime requires general or specific intent. (*See* Def.'s Obj. to Gov't's Proposed Jury Instr., Dkt. No. 93; *see also* Def.'s Resp. to MIL, Dkt. No. 95.) The statute expressly requires a defendant's specific intent as to the second element concerning the defendant's motivation (i.e., to impede, intimidate, interfere, or retaliate). *See* 18 U.S.C. § 115(a)(1)(B). As for the third element, however, the Sixth Circuit and other courts have employed an objective analysis, not a subjective analysis. *See Cope*, 283 F. App'x at 387–

Although Defendant is correct that the jury must determine whether his communications were "true threats," the perceptions of Government witnesses are certainly relevant for trial. The Sixth Circuit has explained that "the credibility of the threat is examined from the vantage point of the reasonable recipient." *Andrews*, 48 F. App'x at 156; *see Stefanik*, 674 F.3d at 75 (stating that, under the objective listener approach, "the fact-finder may consider other evidence, including the effect of the statement on the recipient"). As such, the impressions and responses of Government witnesses are probative (though not determinative) of the believability of the alleged threats.

In addition, any testimony that a particular witness construed a statement as a "threat" would not be an impermissible legal conclusion for two reasons. First, the word "threat" has a common meaning that witnesses should be permitted to use, outside of its legal meaning in this case. And as the Government points out, (Dkt. No. 86), there is no useful substitute for the words "threat" or "threatening" in the everyday sense. Second, and more importantly, "the 'true threat' test is not dependent on the subjective response of the recipient, but rather whether a reasonable recipient familiar with the content and context of the [communication] would interpret it as a threat." *D'Amario*, 330 F. App'x at 414 (explaining why the Government "was not required to call the actual threat recipient to testify" as to his perception); *see Stefanik*, 674

---

88; *Andrews*, 48 F. App'x at 155; *see also Ream*, 506 F. App'x at 845; *Stefanik*, 674 F.3d at 75; *D'Amario*, 330 F. App'x at 413. That is, rather than consider whether the individual defendant actually intended to carry out his threat under § 115(a)(1)(B), courts consider whether "a reasonable person would foresee that an objective rational recipient of the statement would interpret its language to constitute a serious expression of intent to harm." *Andrews*, 48 F. App'x at 155 (internal quotation omitted); *Cope*, 283 F. App'x. at 155 (noting that no specific intent instruction is required except with respect to the second element); *see also Stefanik*, 674 F.3d at 75 (explaining that the "ultimate standard is objective—whether a reasonable person would understand the statement to be threatening") (internal quotation omitted); *D'Amario*, 330 F. App'x at 413 (adopting the "objective listener" standard for § 115(a)(1)(B) prosecutions for the Third Circuit, consistent with the Tenth, Second, and Fourth circuits).

F.3d at 75; *Andrews*, 48 F. App'x at 156. Thus, while evidence of a particular recipient's interpretation of and response to a statement is relevant, such testimony could not represent an ultimate legal conclusion as to any of the elements in a § 115(a)(1)(B) case.

Defendant argues that, even if relevant, we should prohibit use of these words under Rule 403. Rule 403 authorizes us to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When considering the admissibility of evidence under Rule 403, we "look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Poulsen*, 655 F.3d 492, 509 (6th Cir. 2011) (internal quotation omitted); *United States v. Adams*, 722 F.3d 788, 812 (6th Cir. 2013); *United States v. Fraser*, 448 F.3d 833, 840 (6th Cir. 2006). We also bear in mind that "[u]nfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (internal quotation omitted); *see United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2011).

Pursuant to these principles, we conclude that a witness's use of the words "threat" or "threatening"—if used to describe his or her own subjective understanding of Defendant's communications—would not unfairly prejudice Defendant or mislead the jury. The witnesses must be allowed to express their perceptions of the communications at issue. The risk of prejudice or confusion is moderate in comparison to the value of such testimony. Any potential prejudice or confusion will be minimized by the parties' arguments and cross-examination of witnesses, as well as our jury instructions. We thus deny the motion, with a cautionary reminder.

6

To minimize prejudice, and in light of the fact that a federal magistrate judge may testify, Government witnesses may use these words during their testimony only when expressing their personal understanding of Defendant's statements.

### C. Government's Motion to Preclude Unnecessary Evidence regarding Details of Defendant's Land Dispute

In its motion, the Government seeks to limit evidence of a longstanding dispute between Defendant and the U.S. Forest Service. (Dkt. No. 83.) Defendant and his family have had ongoing interactions with the U.S. Forest Service for years, concerning disputes over access to family cemeteries located within the Land Between the Lakes National Recreation Area ("LBL"). For example, Defendant and his uncle filed a federal civil suit in this district, *Scarborough v. Lisowsky* (02 C 865), which was dismissed more than a decade ago. The Government states that, in this case, it has responded to a trial subpoena from Defendant requesting documents related to a family cemetery near Gatlin Point Road in the LBL. The Government seeks to exclude, however, any details about Defendant's underlying land dispute as irrelevant and confusing under Rule 403.

In his opposition, Defendant asserts that he does not intend to relitigate the land dispute or prior civil suit. (Dkt. No. 95 at 1.) Rather, he seeks to introduce evidence of the longstanding dispute with the Forest Service to provide context for the charged conduct. We agree with Defendant that the jury must have some context both to understand the backdrop of the case and to determine whether the Government has met its trial burden. When evaluating the credibility of alleged threats, for example, the jury must view the communications "from the objective perspective of the recipient, which frequently involves the context of the parties' relationship." *United States v. Tanner*, 26 F. App'x 469, 471–72 (6th Cir. 2001) (addressing the need to consider context in a § 875(c) case; *Veach*, 455 F.3d at 633–34 (holding that defendant should

have been allowed to introduce evidence of an intoxication defense to challenge the *mens rea* requirement under § 115(a)(1)(B)). As the Tenth Circuit explained in a related context, "[w]hether a statement constitutes a 'true threat' is a fact-intensive inquiry, in which the language, the context in which the statements are made, as well as the recipients' responses are all relevant." *United States v. Twitty*, 591 F. App'x 676, 681–82 (10th Cir. 2015) (addressing the need for context in a prosecution under 18 U.S.C. § 876, which makes it illegal to mail a threat); *see also D'Amario*, 330 F. App'x at 413 (stating that alleged threats must be evaluated in context to determine if they are "true threats" under § 115(a)(1)(B)). Context of the parties' relationship will enable the jury to render an informed decision as to each element of the Government's case.

The Government argues that the jury needs only "enough information so that it understands the context of the threats, but nothing more" about the land dispute. (Dkt. No. 83 at 2.) We allow the Government's motion in part, as limited in this opinion. We order the parties to confer about the appropriate scope of this type of background evidence and identify specific documents or intended testimony that might cross the line from relevant context into potential distraction. The parties also shall prepare and file a stipulation of fact covering helpful history and context of the dispute, on or by April 16, 2015.

**CONCLUSION**

As discussed above, Defendant's first motion in limine is granted. (Dkt. No. 79.) We deny, however, Defendant's motion to prevent Government witnesses from using the words "threat" and "threatening." (Dkt. No. 80.) We allow the Government's motion in part as set forth in this opinion. (Dkt. No. 83.) It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: April 9, 2015
      Chicago, Illinois